IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARILYN GREGORY,                                     Civil No. 05-1936-AA
                                                       OPINION AND ORDER
     Plaintiff,

  vs.

KMART CORPORATION, a Delaware
corporation; SEARS, ROEBUCK & CO.,
a New York corporation, and JOHN DOE,

     Defendants.

---

James R. Jennings
James R. Jennings, P.C.
1550 N.W. Eastman Parkway, Suite 275
Gresham, OR 97030
    Attorney for Plaintiff

Heidi L. Mandt
Jeffery Hern
Schwabe, Williamson & Wyatt P.C.
Pacwest Center
1211 S.W. 5th Ave., Suite 1900
Portland, OR 97224
    Attorneys for Defendants

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendants filed a motion for summary judgment asserting that they are entitled to judgment as a matter of law on plaintiff's claim for negligence based on premises liability. Defendants' motion is denied.

## BACKGROUND

On December 2, 2003, plaintiff Marilyn Gregory visited a Kmart store in Gresham, Oregon. Plaintiff alleges that while walking around the store, she pushed her shopping cart into a three step ladder that was sitting in an aisle. Plaintiff alleges she then "lurched" or "arched" backward and "hyper-extended her lower back." There are no allegations that the ladder contained a deceptive appearance, there was insufficient lighting, or slippery substances on the floor.

Plaintiff admitted that as she proceeded down the store's aisles she did not have a clear view of what was in front of her because of her short height and her winter coat being in the cart. Prior to the Kmart incident, plaintiff underwent five back fusion surgeries beginning in 1991. On November 17, 2003, and December 1, 2003, plaintiff saw her medical providers about back pain. On January 7, 2003, plaintiff was involved in a motor vehicle accident in which she sustained back injuries and ultimately brought a separate lawsuit. Plaintiff requests damages in the amount of $500,000 for back injuries allegedly

Page 2 - OPINION AND ORDER

resulting from the incident at bar.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the

Page 3 - OPINION AND ORDER

underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Defendants challenge plaintiff's claim of negligence on the grounds that: (1) plaintiff did not encounter an "unreasonably dangerous condition"; (2) the subject condition was "open and obvious"; and (3) plaintiff cannot prove causation.

Plaintiff's negligence claim is based on premises-liability. Land owners are in a "special relationship" with visitors meaning that any duty owed is different from the general duty owed under common-law negligence.  Rex v. Albertson's, Inc., 102 Or. App. 178, 180-81, 792 P.2d 1248, rev den., 310 Or 422, 799 P.2d 151 (1990).  The duty owed by a land owner is determined by the visitor's status at the time of the alleged incident.  See Settle v. Portland General Electric Co., 81 Or. App. 474, 477, 726 P.2d 389 (1986).  In Oregon, the three categories of visitor's status are: invitees, licensees, and trespassers.  See Rich v. Tite-Knot Pine Mill, 245 Or. 185, 191-92, 421 P.2d 370 (1966).  An invitee is a person who is invited to enter or remain on another's premises "for a purpose directly or indirectly connected with the business dealings" of the land owner, e.g., a customer of a store.  Parker v. Hult Lumber & Plywood Co., 260 Or. 1, 8, 488 P.2d 454 (1971).  It is undisputed that plaintiff was a customer of Kmart on the day of the alleged incident, and therefore held

Page 4 - OPINION AND ORDER

the status of an invitee.

A property owner is liable to an invitee only for conditions that create an unreasonable risk of harm to the invitee. <u>Glorioso v. Ness</u>, 191 Or. App. 637, 643, 83 P.3d 914, <u>rev. denied</u>, 336 Or. 657, 92 P.3d 122 (2004). A property owner's duty to exercise reasonable care to make its premises reasonably safe includes not only a duty to "warn its patrons of latent dangers of which it is aware, but also [to] ascertain the condition of its premises and exercise reasonable care to protect its patrons from dangers foreseeable from the arrangement or use of the premises." <u>Yanzick v. Tawney</u>, 44 Or. App. 59, 62, 605 P.2d 297, <u>rev. denied</u>, 288 Or. 667 (1980).

A storekeeper owes to customers the duty to exercise ordinary care to keep the aisles and passageways of his or her establishment in a reasonably safe condition so as not to unnecessarily expose customers to danger from objects protruding into the aisles. <u>Bryant v. Sherm's Thunderbird Market</u>, 268 Or. 591, 596, 522 P.2d 1383 (1974); <u>Miller v. Safeway Stores, Inc.</u>, 219 Or. 139, 153, 346 P.2d 647 (1959). It is well established, however, that no liability exists for injury to a customer resulting from a danger which is open and obvious. 40 A.L.R. 5th 135. An "open and obvious" hazard requires that the customer know or should know of the hazard and appreciate the danger caused by the hazard. <u>Id.</u>

Page 5 - OPINION AND ORDER

Defendants argue the condition was in fact "open and obvious". Defendants rely on <u>Garrison v. Deschutes County</u>, 162 Or. App. 160, 169, 986 P.2d 62 (1999), to argue that when a condition is "open and obvious," failure to warn is not the cause of plaintiff's injuries as a matter of law. However, <u>Garrison</u> is factually different from the case before this court. There, the plaintiff fell off a upper level drop at a garbage station. The plaintiff was aware of the drop and had discussed the importance of being careful so as not to fall. <u>Id.</u> at 163.

Further, it is significant that it was a structural defect at issue in <u>Garrison</u>. Structural conditions may be deemed not "unreasonably dangerous conditions" as a matter of law with adequate lighting, absence of slippery substances, or absent history of injury. <u>See</u> <u>Hamilton v. Union Oil Co.</u>, 216 Or. 354, 339 P.2d 440 (1959)(stepdown outside the entrance of a gasoline station that had a deceptively-level appearance, with no other evidence of a dangerous condition, was not legally sufficient to impose premise liability); <u>Andrews v. R.W. Hays Co.</u>, 166 Or. App. 494, 998 P.2d 774 (2000)(two-inch stepdown with a "deceptively-level appearance," with no other evidence of a dangerous condition, did not support a premises liability claim); <u>Glorioso</u>, 191 Or. 637 (stepdown on a deck, with no other evidence of a dangerous condition, was insufficient to impose premises liability or even warrant presenting issues to a jury).

I find, however, that an unexpected object left in an aisle, especially one arguably left erroneously by a property owner's employee is substantively different from a structural defect. Here, a ladder, which is not a permanent fixture in an aisle, is not an object a consumer might necessarily expect. Further, the deposition of a Kmart employee revealed that it would be against store policy to have the ladder in the aisle as it was on the day of the incident. When such an item is left in a place where it normally would not be, I find it is a question for the jury whether the condition was unreasonably dangerous and whether the invitee exercised reasonable care on the premises. See Miller, 219 Or. 139 (jury question as to whether plaintiff exercised due care to avoid tripping on boxes in an aisle); Howard v. Kienow's Food Stores, Inc., 139 Or. App. 576, 913 P.2d 721 (1996)(defendant's failure to discover a meat packing staple on the floor of the store presented a material issue of fact).

Interpreting the facts presented in the light most favorable to the nonmoving party, there is a genuine issue of material fact as to whether a ladder left in the aisle constituted an "unreasonably dangerous condition" and whether the condition is "open and obvious."

Defendants' final argument that plaintiff cannot prove causation is without merit. Defendants allege that due to plaintiff's history of back problems, plaintiff can not show that

Page 7 - OPINION AND ORDER

it is more likely than not her injuries were caused by the fall on December 2, 2003.  Plaintiff has provided letters from her neurosurgeon agreeing that the fall "[led] to" new injuries, and from her chiropractic physician stating the new injuries were a "direct result of the fall of 12/2/03."  This evidence creates a genuine issue of material fact as to whether defendants' alleged negligence "more likely than not" caused plaintiff's lower back injuries.

## CONCLUSION

Defendants' motion for summary judgment (doc. 20) is denied.  IT IS SO ORDERED.

Dated this  15  day of November 2007.


                                                /s/ Ann Aiken
                                                  Ann Aiken
                                    United States District Judge